Citation Nr: 1441522 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 12-04 783 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to an initial disability rating greater than 50 percent for posttraumatic stress disorder (PTSD). 

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J.R. Bryant



INTRODUCTION

The Veteran had active service in the United States Army from January 8, 1991 to May 24, 1991 and from October 2004 to December 2005 and was awarded the Combat Action Badge.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO), in Detroit, Michigan.

The Board notes that the TDIU issue was not certified for appeal. However, the Veteran has claimed that he is currently unemployed due to his service-connected PTSD. See Appellant's Brief September 2, 2014. The Board finds that this evidence reasonably raises a claim of entitlement to TDIU as part of his claim of entitlement to an increased rating for service-connected PTSD. Rice v. Shinseki, 22 Vet. App. 447 (2009). Thus, the Board has recharacterized the appeal to include this issue.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran contends that the current 50 percent disability rating does not accurately portray the severity of his PTSD. He basically argues that his psychiatric impairment has worsened since he was last examined by VA in that he has increased problems with anger control and violent/assaultive behavior. See Appellant's Brief September 2, 2014. In support of his claim he has submitted copies of a September 2011 protective order filed against him by his wife, police reports, and a lay statement from his wife describing the Veteran's violence against her in the past year. The Veteran also claims that he lost his employment with the Port Huron School District after being charged in the violent domestic dispute. He is competent to provide evidence as to the severity of his symptoms. See 38 C.F.R. § 3.159(a)(2). 

Review of the claims folder reveals the Veteran has not been afforded a VA psychiatric examination since September 2010, approximately 4 years ago. In fact, the principal purpose of that VA evaluation was to determine the etiology of any diagnosed psychiatric symptomatology-in other words to determine whether service connection for PTSD was warranted. Such evaluations are not necessarily performed with the purpose of providing the findings required to rate the disorder. Moreover, since that VA examination there is little evidence in the claims file which adequately describes the current severity of his PTSD. As there may have been significant changes in the Veteran's symptoms since the previous examination, and to ensure that his complaints are sufficiently considered by a VA examiner, the Board finds that a more contemporaneous examination is needed. Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (the Board should have ordered a contemporaneous examination of the veteran because a 23-month old examination was too remote in time to adequately support the decision in an appeal for an increased rating). 

Concerning entitlement to a TDIU, the Veteran should be provided with a VA Form 21-8940, the Veterans Application for Increased Compensation Based on Unemployability and VA Form 21-4192, Request for Employment Information in Connection with Claim for Disability Benefits. The AOJ should then pursue any necessary development to determine whether or not the Veteran is unable to maintain or secure substantially gainful employment due to his PTSD. 38 C.F.R. § 4.16.

Any ongoing medical records should be obtained. In this regard, the Board notes that it appears that the most recent record of any outpatient treatment that the Veteran has undergone (and that is included in his claims folder or Virtual VA/VBMS folder) is dated in May 2010.

Accordingly, the case is REMANDED for the following action:

1. Issue to the Veteran a VCAA notice letter pertaining to his TDIU claim.

2. Provide the Veteran with copies of VA Form 21-8940 (Veterans Application for Increased Compensation Based on Unemployability) and VA Form 21-4192 (Request for Employment Information in Connection with Claim for Disability Benefits) and ask him to complete and return the forms. He should be informed that these or other statements of his education and employment history are essential to his claim, because employment history and education must be considered in his TDIU claim. See 38 C.F.R. § 4.16; Cathell v. Brown, 8 Vet. App. 539, 544 (1996).

3. Contact the Veteran and ask him to identify all VA and private treatment providers who have seen him for his PTSD since September 2010, and provide him with the necessary forms for release of private records for any private treatment records identified. Attempt to obtain copies of any identified treatment records pertaining to the Veteran's PTSD from September 2010 and add them to the claims file. The Veteran should be notified if any private records sought are not received pursuant to the AOJ's request (and reminded that ultimately it is his responsibility to ensure that private records are received). If any records are unavailable, do not exist, or further attempts to obtain them would be futile, document this fact in the claims file. All such available documents should be associated with the claims folder or Virtual VA/VBMS folders (as appropriate).

4. Then, refer the Veteran for an appropriate VA examination of his service-connected PTSD. The claims folder must be made available to the examiner for review of the case. A notation to the effect that this record review took place should be included in the report. All diagnostic testing and studies should be performed, and the examiner should review the results of that testing prior to completing the report. 

All signs and symptoms of the Veteran's PTSD should be reported in detail. [In other words, any disabling manifestations specifically attributable to PTSD must be fully outlined and differentiated from symptoms caused by any nonservice-connected disorder.] Also, the examiner is requested to use a multiaxial assessment, assign a Global Assessment of Functioning (GAF) score, explain what the assigned score represents in terms of the Veteran's psychological, social, and occupational functioning.

The examiner should also provide an opinion as to the effect that the service-connected PTSD has, if any, on the Veteran's employment. Specifically, he/she should indicate whether his PTSD precludes the Veteran from engaging in substantially gainful employment. Specifically, the examiner should opine as to whether, without regard to the Veteran's age or the impact of any nonservice-connected disabilities, at least as likely as not (i.e., probability of 50 percent or greater) that his service-connected PTSD would prevent him from obtaining or keeping gainful employment, taking into consideration the Veteran's level of education as well as any special training and previous work experience.

A rationale for any opinion offered is requested. If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, he/she should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts), by a deficiency in the record (i.e. additional facts are required), or by the examiner himself/herself (because he/she does not have the needed knowledge or training). Merely saying he/she cannot comment will not suffice. (The AOJ should ensure that any additional evidentiary development suggested by the examiner be undertaken so that a definite opinion can be obtained.)

5. Ensure that the requested actions have been completed (to the extent possible) in compliance with this REMAND. If the report is deficient, it must be returned to the examiner for necessary corrective action, as appropriate.

6. Then, readjudicate both the increased rating and TDIU claims. If the benefits are not granted, the Veteran must be furnished a supplemental statement of the case and given an appropriate opportunity to respond. The case should then be returned to the Board for further consideration.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).






_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).